Larry Christensen

Citation Nr: 20023057
Decision Date: 04/02/20 Archive Date: 04/02/20

DOCKET NO. 17-21 688
DATE: April 2, 2020

ORDER

New and material evidence has been submitted to reopen a claim for bilateral hearing loss.

New and material evidence has been submitted to reopen a claim for tinnitus.

Service connection for bilateral hearing loss is granted.

Service connection for tinnitus is granted.

REMANDED

Service connection for chronic kidney disease stage III is remanded.

FINDINGS OF FACT

1. The November 2011 rating decision denying entitlement to service connection for bilateral hearing loss became final because as the Veteran did not submit a notice of disagreement or new and material evidence within the appeal period.

2. The additional evidence since the RO's decision in November 2011 is not redundant or cumulative evidence previously considered and it relates to unestablished facts necessary to substantiate the claims for service connection for a bilateral hearing loss.

3. The November 2011 rating decision denying entitlement to service connection for tinnitus became final because as the Veteran did not submit a notice of disagreement or new and material evidence within the appeal period.

4. The additional evidence since the RO's decision in November 2011 is not redundant or cumulative evidence previously considered and it relates to unestablished facts necessary to substantiate the claims for service connection for tinnitus.

5. Bilateral hearing loss had its onset in service.

6. Tinnitus had its onset in service.

CONCLUSIONS OF LAW

1. New and material evidence has been submitted to reopen a claim for bilateral hearing loss. 38 U.S.C. §§ 5108, 7104; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103.

2. New and material evidence has been submitted to reopen a claim for tinnitus. 38 U.S.C. §§ 5108, 7104; 38 C.F.R. §§ 3.104, 3.156, 20.302, 20.1103.

3. The criteria for entitlement to service connection for bilateral hearing loss have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

4. The criteria for entitlement to service connection for tinnitus have been met. 38 U.S.C. §§ 101(24), 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from July 1965 to July 1968, including service in the Republic of Vietnam.

The Board testified at a Board hearing on February 2020 before the undersigned Veterans Law Judge (VLJ).

New and Material Evidence

The RO initially denied the claims for entitlement to service connection for bilateral hearing loss and tinnitus in an unappealed November 2011 rating decision. Thereafter, in July 2016, the Veteran filed a claim to reopen the previously denied claims for service connection, which was denied in the October 2016 rating decision currently on appeal. 

The Board finds that new and material evidence has been submitted so that the previously denied claims of entitlement to service connection for a bilateral hearing loss and tinnitus are reopened. See 38 U.S.C. § 5108; 38 C.F.R. § 3.156 (a). See also January 2017 DD Form 1473; January 2017 NOD. 

Service Connection

Service connection means that a disability resulting from disease or injury was incurred in or aggravated by active service. 38 U.S.C. §§ 1110; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge if the evidence shows that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Entitlement to service connection benefits is established when the following elements are satisfied: (1) the existence of a current disability; (2) in-service incurrence or aggravation of a disease or injury; and, (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service (the medical "nexus" requirement). See Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004); 38 C.F.R. § 3.303(a).

For certain disabilities, such as chronic diseases, service connection may be presumed when such disability is shown to a degree of 10 percent or more within one year of a veteran's discharge from active duty. 38 U.S.C. § 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

Entitlement to service connection for bilateral hearing loss and tinnitus.

The Veteran asserts that he has bilateral hearing loss and tinnitus, which were caused by acoustic trauma suffered as an aircraft crewman while on active duty. 

For the purposes of applying the laws administered by VA, impaired hearing will be considered to be a disability when the auditory threshold in any of the frequencies at 500, 1000, 2000, 3000, or 4000 Hertz is 40 decibels or greater; when the auditory thresholds for at least three of the frequencies at 500, 1000, 2000, 3000, or 4000 Hertz are 26 decibels or greater; or when speech recognition scores using the Maryland CNC Test are less than 94 percent. 38 C.F.R. § 3.385. 

Even though a disabling hearing loss is not demonstrated at separation, a veteran may, nevertheless, establish service connection for a current hearing disability by submitting evidence that a current disability is related to service. Hensley v. Brown, 5 Vet. App. 155 (1993).

The post service record shows that the Veteran meets the current disability requirement for bilateral hearing loss, as an August 2016 VA examination shows bilateral hearing loss of sufficient severity to warrant finding a hearing loss disability under 38 C.F.R. § 3.385. The Veteran also has a current diagnosis of tinnitus. See August 2016 VA examination. 

Further, the Board concedes that the Veteran had noise exposure in service.

The remaining question is whether there is a nexus between the appellant's in-service noise exposure and his current bilateral hearing loss.

The VA examiner opined in August 2016 that the Veteran's bilateral hearing loss and tinnitus was less likely than not caused by an event in the military service. She rationalized that a prolonged delay in the onset of noise-induced hearing loss was unlikely, and that there was no significant shift in hearing level variability during military service, as well as no complaint or treatment for hearing loss that could be identified among service medical records. She also opined that it is not possible to determine if the tinnitus is related to military noise exposure without resulting to mere speculation.

A review of the record reveals a statement from the Veteran former spouse, who explained that the Veteran experienced difficulties hearing when they first met in 1968, and that the Veteran's hearing difficulties continued to the present. See February 2019 Statement. The Veteran also testified during the February 2020 Board hearing that he experienced hearing loss while on active duty. See February 2020 Board Hearing Transcript.

The Board resolves all reasonable doubt in favor of the Veteran and finds that the evidence is at least in equipoise that his bilateral hearing loss and tinnitus are related to his in-service noise exposure. Therefore, the claims are granted. 

REASONS FOR REMAND

Entitlement to service connection for chronic kidney disease stage III is remanded.

The Veteran reports that service connection is warranted for chronic kidney disease stage III, secondary to a service-connected disability, and in particular, to his service-connected diabetes mellitus, which the evidence shows is "uncontrolled." Alternatively, he maintains that his kidney disease is due to hypertension, which he reports was shown in service. The Veteran also cites his in-service Agent Orange exposure as a basis of service connection for his kidney disease. 

The Veteran also asserts that his kidney disease is related to hypertension, and reports that the hypertension had its onset in service. Thus, although service connection for hypertension is not in effect and a claim of service connection for hypertension is not before the Board, because hypertension may be a disability of service origin, VA must investigate whether the Veteran's hypertension is a disability of service origin because it is necessary to determine whether service connection is warranted for the Veteran's kidney disease. Thus, it is unclear whether his kidney is related to or had its onset in service or is caused or aggravated by service or a service-connected disability. Significantly, the Veteran reports that his hypertension was shown in service.

A remand is necessary to determine the etiology of the Veteran's chronic kidney disease stage.

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine whether he has kidney disease.

Following the examination, the examiner must respond to the following questions;

1. Is it at least as likely as not that the Veteran's kidney disease was caused by his service-connected diabetes mellitus.

2. Is it at least as likely as not that the Veteran's kidney disease was aggravated by his service-connected diabetes mellitus.

3. Is it at least as likely as not that the Veteran has hypertension that is related to or had its onset in service or became manifest within a year of his discharge from active duty.

4. Is it at least as likely as not that the Veteran's kidney disease was caused by his hypertension.

5. Is it at least as likely as not that the Veteran's kidney disease was aggravated by his hypertension.

6. Is it at least as likely that the Veteran's kidney disease is related to his presumed in-service Agent Orange exposure.

In responding to these questions please discuss whether the Veteran's kidney disease is a manifestation of the Veteran's diabetic disease process and address the Veteran's uncontrolled diabetes.

 

 

STEVEN D. REISS

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board T. Booker, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.